**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5072**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JORGE ALBARRAN-RIVERA,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:10-cr-00095-FL-3)

───────────

Submitted: July 26, 2012           Decided: August 1, 2012

───────────

Before MOTZ, DAVIS, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Albarran-Rivera pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Albarran-Rivera to 135 months' imprisonment. On appeal, Albarran-Rivera's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Albarran-Rivera's sentence is reasonable. Albarran-Rivera was informed of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

We have reviewed the transcript of the plea colloquy and find that the district court fully complied with Fed. R. Crim. P. 11, and that Albarran-Rivera's plea was knowing and voluntarily entered. We therefore affirm his conviction.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). Such review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 41; see United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

The district court followed the necessary procedural steps in sentencing Albarran-Rivera, appropriately treated the

2

sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors. We examine the substantive reasonableness of a sentence under the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court accords a sentence within a properly calculated Guidelines range an appellate presumption of reasonableness. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [§ 3553(a)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). We conclude that the district court's consideration of the § 3553(a) factors and imposition of the 135-month sentence was reasonable and not an abuse of discretion. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Albarran-Rivera, in writing, of the right to petition the Supreme Court of the United States for further review. If Albarran-Rivera requests that a petition be filed, but counsel believes that

3

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Albarran-Rivera. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4